```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-20-08
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LUIS ANDINO AND DIALLORAFIK        :
A. MADISON,                        :
                                   :
                      Plaintiffs,  :
                                   :    08 Civ. 558 (VM)
                                   :
           - against -             :    DECISION AND ORDER
                                   :
Brian Fischer et al.,              :
                                   :
                      Defendants.  :
----------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

## 1. Background

Plaintiff DialloRafik A. Madison ("Madison") seeks leave to file a supplemental complaint and to add defendants to this action. In addition, Madison seeks a temporary restraining order ("TRO") against defendants Commissioner Brian Fischer; Department of Correctional Services; Lieutenants Meehan and John Doe; Correction Officers Daniel Joseph Mazzaraco, M. Pichard, William Holloran, and Douglas D. Depaolo; George Cook; County of Sullivan; Robert Raymond; Earline Corbitt; Raymond J. Cunningjam; Paul Gonyea; Jean G. King; Peter Chivaro; Steven A. Katz; Woodbourne Correctional Facility; and Jason Gibson (collectively, "Defendants"). For the reasons set forth below, Madison's motion seeking a TRO is denied.

## II. DISCUSSION

A. STANDARD OF REVIEW

It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction. See, e.g., Echo Design Group, Inc. v. Zino Davidoff S.A., 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003); Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd., 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) ("The standard for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Procedure are identical."). Generally, to obtain a preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor.'" MyWebGrocer, L.L.C. v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004) (quoting Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc., 312 F.3d 94, 96 (2d Cir. 2002)). The "second 'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." Able v. U.S., 44 F.3d 128, 131 (2d Cir. 1995)

(citations omitted). However, "[w]here the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." Id. (citations omitted); see Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996).

B.   APPLICATION

In the instant case, Madison seeks a TRO prohibiting Defendants from "giving consideration or effort to and from enforcing, administering or applying certain provisions of dispositions of misbehavior reports, earned eligibility determination of January 11, 2008, and prohibition of protected property interests that are provided to [Madison] by New York law: educations program (Bard College) that was furthering [Madison's] process of socialization and rehabilitation." (Notice of Motion for Leave to File Supplemental Complaint to add Defendants, and for TRO, dated April 21, 2008, at 2.) However, Madison fails to demonstrate that he would suffer irreparable harm if the TRO does not issue. See Jolly, 76 F.3d at 473 (the party

seeking a TRO must establish that he will suffer irreparable harm) (citation and quotation marks omitted). For example, Madison does not allege how his suspension from the Bard College program will cause him irreparable harm. Accordingly, Madison's motion seeking a TRO against Defendants is denied.

### III. ORDER

For the reasons described above, it is hereby

**ORDERED** that the portion of the motion (Docket No. 3) of plaintiff DialloRafik A. Madison seeking a temporary restraining order against defendants Commissioner Brian Fischer; Department of Correctional Services; Lieutenants Meehan, and John Doe; Correction Officers Daniel Joseph Mazzaraco, M. Pichard, William Holloran, and Douglas D. Depaolo; George Cook; County of Sullivan; Robert Raymond; Earline Corbitt; Raymond J. Cunningjam; Paul Gonyea; Jean G. King; Peter Chivaro; Steven A. Katz; Woodbourne Correctional Facility; and Jason Gibson is DENIED.

SO ORDERED.

Dated:    New York, New York
          16 May 2008

```
                                    _____
                                         Victor Marrero
                                            U.S.D.J.
```